UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINWOOD EDWARD TRACY, JR., et al., )
)
        Plaintiffs, )   3:11-cv-0436-LRH-VPC
)
v. )   ORDER
)
CEO, SUCCESSOR FOR DEUTSCHE )
NATIONAL TRUST COMPANY; et al., )
)
        Defendants. )

Before the court is plaintiff Linwood Edward Tracy, Jr.'s ("Tracy") motion to strike the certificate of interested parties filed on July 14, 2011 (Doc. #4[1]). Doc. #5. Defendants Nicole Hoffman; Nicole Glowin; Madeline Lee; and the law firm of Wright, Finlay & Zak, LLP (collectively "defendants") filed an opposition to the motion (Doc. #14) to which Tracy filed a motion to strike (Doc. #19).

Also before the court is Tracy's motion for judgment and sanctions against defendants. Doc. #20.

**I.   Facts and Background**

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Filion ("Filion") owned real property in California which was subject to state, county, and city tax assessments. The tax assessments went unpaid and eventually the property was foreclosed

---

[1] Refers to the court's docket number.

on. Plaintiffs challenge the assessments and foreclosure claiming that the property belonged to a non-profit religious organization.

On June 21, 2011, plaintiffs filed a complaint against defendants alleging violations of their First and Fourth Amendment rights. *See* Doc. #1. In response to being served with the complaint, defendants Nicole Hoffman; Nicole Glowin; Madeline Lee; and the law firm of Wright, Finlay & Zak, LLP, through their counsel attorney Donna Osborn ("Osborn") filed a certificate of interested parties. Doc. #4. Thereafter, Tracy filed the present motion to strike. Doc. #5.

**II.   Motion to Strike (Doc. #5)**

In his motion, Tracy claims that the aforementioned certificate of interested parties (Doc. #4) was improperly filed by attorney Osborn because she is employed with defendant Wright, Finlay & Zak, LLP. *See* Doc. #5.

The court has reviewed Tracy's motion and finds that it is without merit. Attorney Osborn is not a named defendant in this action. Further, Tracy has failed to provide any legal authority or rational basis as to why attorney Osborn cannot represent the defendants in this action. Osborn is a duly licenses attorney admitted to practice in the state of Nevada. As such, she may represent her firm and the other named defendants in this action. Therefore, the court finds that there is no basis to strike the certificate of interested and shall deny the motion accordingly.

**III.   Motion to Strike (Doc. #19)**

Tracy also seeks to strike the opposition of defendants for the same reason outlined in his initial motion to strike. *See* Doc. #19. As addressed above, Tracy's motion is without merit and shall be denied.

**IV.   Motion for Judgment and Sanctions (Doc. #20)**

Tracy finally moves this court for an order of judgment against defendants for failure to oppose his initial motion to strike and for sanctions against attorney Osborn. *See* Doc. #20.

Tracy's motion is without merit. Defendants filed an opposition to the motion. *See* Doc. #14. Further, as addressed above, attorney Osborn may represent defendants in this action.

Therefore, the court finds that there is no basis for an award of sanctions and shall deny Tracy's motion.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #5); motion to strike opposition (Doc. #19); and motion for judgment (Doc. #20) are DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE