FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINWOOD EDWARD TRACY, JR.; et al., )
)  3:11-cv-0436-LRH-VPC
Plaintiffs, )
)
v. )  ORDER
)
CEO, SUCCESSOR FOR DEUTSCHE )
NATIONAL TRUST COMPANY; et al., )
)
Defendants. )
_____)

Before the court is defendants Andrea Sheridan Ordin ("Ordin") and Sayuj Panicer's ("Panicer") motion to dismiss. Doc. #6.[1] Plaintiff Linwood Edward Tracy, Jr. ("Tracy") filed an opposition to the motion (Doc. #10) to which defendants Ordin and Panicer replied (Doc. #17).

I. **Facts and Background**

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Filion ("Filion") owned real property in California which was subject to state and county tax assessments. The tax assessments went unpaid and the property was subsequently foreclosed on.

On June 21, 2011, plaintiffs filed a complaint against defendants alleging violations of their First and Fourth Amendment rights. *See* Doc. #1. Specifically, plaintiffs challenge the tax assessments and foreclosure claiming that the property belonged to a non-profit religious organization.

---

[1] Refers to the court's docket number.

In response to being served with the complaint, defendants Ordin and Panicer filed the present motion to dismiss. Doc. #6.

## II. Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

1 | more than state a legal conclusion—even if that conclusion is cast in the form of a factual
2 | allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
3 | dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
4 | plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.  Discussion**

Defendants Ordin and Panicer move this court for an order dismissing them as defendants in this action on the basis that the complaint makes no factual allegations or alleges any causes of action against them. *See* Doc. #6.

The court has reviewed the documents and pleadings on file in this matter and agrees. Tracy's complaint only makes a single reference to defendants Ordin and Panicer:

> "Defendants Andrea Sheridan Ordin, County Counsel and Sayju Panicer, Associate County Counsel at 648 Kenneth Hahn Hall of Administration, at 500 St. Temple Street, in and at Los Angeles, Ca 900012-2713." Doc. #1.

There are no other references to defendants Ordin or Panicer in the complaint. Nor are there any causes of action alleged against them. Thus, the complaint fails to state a claim for which relief can be granted as to defendants Ordin or Panicer. Accordingly, the court shall grant their motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) is GRANTED. Defendants Andrea Sheridan Ordin and Sayuj Panicer are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 15 day of September, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3