UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINWOOD EDWARD TRACY, JR.; et al., | 3:11-cv-0436-LRH-VPC |
| Plaintiffs, | |
| v. | ORDER |
| CEO, SUCCESSOR FOR DEUTSCHE NATIONAL TRUST COMPANY; et al., | |
| Defendants. | |

Before the court is defendants Jocelyn Corbett, Esq. ("Corbett") and the law firm of Dapeer, Rosenblit & Litvak, LLP's ("DRL") motion to dismiss for lack of personal jurisdiction (Doc. #8[1]) to which individual defendants Nicole M. Hoffman, Esq. ("Hoffman"); Nicole L. Glowin, Esq. ("Glowin"); and Madeline K. Lee, Esq. ("Lee") joined (Doc. #12). Plaintiff Linwood Edward Tracy, Jr. ("Tracy") filed an opposition to the motion (Doc. #13) to which moving defendants replied (Doc. #16).

**I.    Facts and Background**

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Filion ("Filion") owned real property in California which was subject to state and county tax assessments. The tax assessments went unpaid and the property was subsequently foreclosed upon.

On June 21, 2011, plaintiffs filed a complaint against defendants alleging violations of their

---

[1] Refers to the court's docket number.

First and Fourth Amendment rights. *See* Doc. #1. Specifically, plaintiffs challenge the tax assessments and foreclosure claiming that the property belonged to a non-profit religious organization. Thereafter, moving defendants filed the present motion to dismiss for lack of personal jurisdiction. Doc. #8.

**II.     Legal Standard**

Where a defendant challenges the exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the court receives only written materials, the plaintiff need only make a *prima facie* showing through its pleadings and affidavits that the exercise of personal jurisdiction over the defendant is proper. *Id.* Although a plaintiff cannot simply rest on the bare allegations of its complaint, the uncontroverted allegations in the plaintiff's complaint are taken as true, and conflicts between the facts contained in the parties' affidavits are resolved in the plaintiff's favor. *Id.*

To establish personal jurisdiction over a nonresident defendant, that defendant must have sufficient "minimum contacts with Nevada 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction over a nonresident defendant may be either general or specific. *Helicopteros Nationales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 nn. 8-9 (1984). For a court to exercise general jurisdiction over a defendant, that defendant's activities in the forum must be either "substantial" or "continuous and systematic," such that the defendant's activities approach a "physical presence" in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

In comparison, for a court to exercise specific jurisdiction the action must arise out of defendant's forum-related activities. *Bancroft*, 223 F.3d at 1086. Courts use a three-part test to determine whether the exercise of specific jurisdiction relating to a defendant's forum-related activities satisfies constitutional due process: (1) the non-resident defendant must purposefully

direct his activities or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim must be one which arises out of, or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

### III. Discussion

In their motion to dismiss, moving defendants contend that they are not residents of Nevada and do not have sufficient minimum contacts with Nevada for the court to exercise personal jurisdiction over them. *See* Doc. #8.

The court has reviewed the documents and pleadings on file in this matter and agrees. First, it is undisputed that defendants Corbett, DRL, Hoffman, Glowin and Lee are not residents of the State of Nevada nor have they ever conducted business in the state. Second, it is undisputed that moving defendants took no specific action in the state of Nevada. The property at issue in this matter is located in southern California and all tax assessments and foreclosure actions took place there. Thus, the court finds that there is no basis to exercise either general or specific personal jurisdiction over moving defendants. Accordingly, the court shall grant their motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #8) is GRANTED. Defendants Jocelyn Corbett, Esq.; Dapeer, Rosenblit & Litvak, LLP; Nicole M. Hoffman, Esq.; Nicole L. Glowin, Esq.; and Madeline K. Lee, Esq. are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 28th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE