UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|   |   |
|---|---|
| LINWOOD EDWARD TRACY, JR.; et al., <br><br> PlaintiffS, <br><br> v. <br><br> CEO, SUCCESSOR FOR DEUTSCHE NATIONAL TRUST COMPANY; et al., <br><br> Defendants. | 3:11-cv-0436-LRH-VPC <br><br> ORDER |

Before the court are plaintiff Linwood Edward Tracy, Jr.'s ("Tracy") various motions including: (1) motion to strike (Doc. #23[1]); motion for judgment against defendant Tiffany Miles (Doc. #27); motion for judgment against attorney James W. Puzey (Doc. #34); motion to disqualify attorney James W. Puzey (Doc. #35); motion to disqualify attorney Donna M. Osborn (Doc. #42); and motion to not dismiss defendant Tiffany Miles (Doc. #51).

Also before the court is defendant Quality Loan Service Corporation's ("QLS") motion to dismiss (Doc. #36) to which defendants Wright, Finlay & Zak, LLP ("WFZ"); CEO, Successor Deusche National Trust Company ("Duestche"); and CEO, Successor New Century Home Equality Company ("New Century") joined (Doc. ##39, 41).

I.   **Facts and Background**

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William

---

[1] Refers to the court's docket number.

Gerald Filion ("Filion") owned real property in California which was subject to state, county, and city tax assessments. The tax assessments went unpaid and eventually the property was foreclosed on. Plaintiffs challenge the assessments and foreclosure claiming that the property belonged to a non-profit religious organization.

On June 21, 2011, plaintiffs filed a complaint against defendants alleging violations of their First and Fourth Amendment rights under 42 U.S.C. § 1983. *See* Doc. #1. Thereafter, the parties filed the various motions.

**II.     Motion to Strike, Motion for Judgment, Motion to Disqualify (Doc. ##23, 34, 35)**

In his motions, Tracy claims that all documents filed by attorney James W. Puzey ("Puzey") were improperly filed and should be stricken from the record. *See* Doc. #23. Further, Tracy claims that a monetary judgment should be issued against attorney Puzey for filing those documents. Doc. #34. Finally, Tracy contends that the court should disqualify attorney Puzey from representing certain defendants in this action. Doc. #35.

The court has reviewed Tracy's motions and finds that they are totally without merit. Attorney Puzey is not a named defendant in this action. Further, Tracy has failed to provide any legal authority or rational basis as to why attorney Puzey cannot represent the defendants in this action. Puzey is a duly licensed attorney admitted to practice in the state of Nevada. As such, he may represent named defendants in this action. Therefore, the court finds that there is no legal support for Tracy's motions concerning attorney Puzey and shall deny them accordingly.

**III.    Motion for Judgment (Doc. #27)**

Tracy also moves this court for an order of judgment against defendant Tiffany Miles ("Miles") for failure to file an answer to his complaint. *See* Doc. #27.

Tracy's motion is without merit. In order to obtain a default judgment, a party must first obtain a clerk's entry of default which can only be obtained by establishing, through an affidavit, that a defendant has failed to plead or otherwise defend itself in the action. *See* FED. R. CIV. P. 55(a); *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation

1  omitted). Here, no clerk's entry of default has been obtained by Tracy against defendant Miles.
2  Thus, there is no basis for the court to enter a default judgment against her.

3  **IV.    Motion to Disqualify (Doc. #42)**

4  Tracy further seeks an order disqualifying attorney Donna M. Osborn ("Osborn") from
5  representing certain defendants in this action. Doc. #42. The court has already addressed this issue
6  in a prior order and found that there is no basis to disqualify attorney Osborn. *See* Doc. #85.

7  **V.     Motion to Not Dismiss (Doc. #51)**

8  Finally, Tracy seeks an order from the court to not dismiss defendant Miles. *See* Doc. #51.
9  The court has reviewed the present motion and finds that it is without merit. Defendant Miles has
10 not filed a motion to dismiss in this action. Thus, there is no basis to support the motion.

11 **VI.    Motion to Dismiss (Doc. #36)**

12 To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must allege that the
13 defendant: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any
14 State or territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the
15 United States to the deprivation of any rights, privileges, or immunities secured by the Constitution
16 and laws of the United States. *Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962); *Anderson v.*
17 *Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

18 Here, defendants QLS, WFZ, Duetsche, and New Century are private corporations and
19 citizens who were not acting pursuant to any state authority. Accordingly, Tracy cannot maintain
20 his civil rights complaint against them. *See Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir.
21 2000) (holding that liability under 42 U.S.C. § 1983 requires state action). Accordingly, the court
22 shall grant moving defendants' motion to dismiss.

23 ///
24 ///
25 ///
26 ///

1   IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #23); motion for judgment (Doc. #27); motion for judgment (Doc. #34); motion to disqualify attorney James W. Puzey (Doc. #35); motion to disqualify attorney Donna M. Osborn (Doc. #42); and motion to not dismiss (Doc. #51) are DENIED.

   IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #36) is GRANTED. Defendants Quality Loan Service Corporation; Wright, Finlay & Zak, LLP; CEO, Successor Deusche National Trust Company; and CEO, Successor New Century Home Equality Company are DISMISSED as defendants in this action.

   IT IS SO ORDERED.

   DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE