UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINWOOD EDWARD TRACY, JR.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> CEO, SUCCESSOR FOR DEUTSCHE NATIONAL TRUST COMPANY; et al., <br><br> Defendants. | 3:11-cv-0436-LRH-VPC <br><br> ORDER |

Before the court is plaintiff Linwood Edward Tracy, Jr.'s ("Tracy") motion for recusal of the Honorable Larry R. Hicks ("Judge Hicks") under 28 U.S.C. § 455(a). Doc. #119.[1]

## I.   Facts and Background

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Fillion ("Fillion") owned real property in California which was subject to state, county, and city tax assessments. The tax assessments went unpaid and eventually the property was foreclosed upon.

On June 21, 2011, plaintiffs filed a civil rights complaint against defendants for violation of their First and Fourth Amendment rights. *See* Doc. #1. In particular, plaintiffs challenge the tax assessments and foreclosure claiming that the property belonged to a non-profit organization. Thereafter, Tracy filed the present motion for recusal. Doc. #119.

---

[1] Refers to the court's docket number.

## II.   Discussion

Recusal of a district court judge is governed by 28 U.S.C. § 455. The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Further, the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.*

The court has reviewed Tracy's motion for recusal and finds that it is without merit. First, Tracy has failed to comply with the requirements of a motion for recusal pursuant to 28 U.S.C. § 144. Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice of the district judge exists. *See* 28 U.S.C. § 144. Here, Tracy did not file any affidavit in support of his motion for recusal.

Second, Tracy's sole reason for recusal of Judge Hicks is that Judge Hicks was also the judge in a matter between Ruth Irene Gillings ("Gillings"), who is an acquaintance of Tracy's, and the IRS. The court finds this accusation without merit. It is axiomatic that a judge oversees other actions including both civil and criminal matters in which there may be relationships between parties between cases. Further, Tracy has failed to show how Judge Hicks' overseeing another matter creates impropriety or prejudice in this matter. Tracy has not provided the court with any more information including the case number of this other action, what kind of action it was, whether it is open or closed, and how Tracy's relationship with Gillings creates a bias in this action.

Therefore, based on the record before the court and the pleadings and documents on file in this matter, the court finds that Tracy has failed to establish any extrajudicial bias or prejudice that would  lead a reasonable person to conclude that the impartiality of this court might reasonably be questioned. *See* 28 U.S.C. § 455(a). In the absence of a legitimate reason to recuse, a judge should participate in all cases assigned. *United States v. Holland*, 510 F.3d 909, 912 (9th Cir. 2008). Accordingly, the court shall deny Tracy's motion for recusal.

///

1  IT IS THEREFORE ORDERED that plaintiff's motion for recusal (Doc. #119) is DENIED.

2  IT IS SO ORDERED.

3  DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE