UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LINWOOD EDWARD TRACY, JR.; et al., | ) ) ) | 3:11-cv-0436-LRH-VPC |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| CEO, SUCCESSOR FOR DEUTSCHE NATIONAL TRUST COMPANY; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

  Before the court are various motions styled motions to dismiss, motions to quash, and motions to strike filed by plaintiff Linwood Edward Tracy, Jr. ("Tracy") which the court shall construe as motions to strike.

**I. Facts and Background**

  At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Fillion ("Fillion") owned real property in California which was subject to state, county, and city tax assessments. The tax assessments went unpaid and eventually the property was foreclosed upon.

  On June 21, 2011, plaintiffs filed a civil rights complaint against defendants for violation of their First and Fourth Amendment rights. *See* Doc. #1. In particular, plaintiffs challenge the tax assessments and foreclosure claiming that the property belonged to a non-profit organization.

  Throughout this litigation, defendants have filed various motions, responses, and other

documents with the court. Additionally, the court has issued several orders in this action. Plaintiff Tracy has filed the present motions seeking to strike these filings and orders.

## II. Discussion

In his motions, Tracy seeks to strike certain documents filed with the court because the documents were not properly signed in accordance with the Local Rules. The court has reviewed Tracy's motions and finds they are without merit because the documents at issue were filed electronically in accordance with the court's Local Rules. Electronically filed documents are considered properly signed when an authorized user uses a personal log-in and password. *See* Special Order of the Court #109 (issued September 30, 2005) ("The filing of a document through the use of an authorized user's User Log-In and Password shall constitute the "signature" of that attorney for purposes of Fed. R. Civ. P. 11"). Therefore, the court finds that there is no basis to strike the appropriately filed documents.

Tracy also argues that certain documents should be stricken because he removed this action to the Ninth Circuit. However, at the time all documents contested on the basis of jurisdiction were filed, the Ninth Circuit had already dismissed his appeal for lack of jurisdiction. Therefore, those documents were also appropriately filed. Accordingly, the court shall deny all of Tracy's motions to strike.

IT IS THEREFORE ORDERED that plaintiff's various motions styled motions to dismiss, motions to quash, and motions to strike (Doc. ##52, 54, 64, 91, 92, 112, 117, 118, 130, 138, 148, 159, 160, 161, 167, 168, 169, 173) are DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE