UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LINWOOD EDWARD TRACY, JR.; et al., | ) ) | |
| Plaintiffs, | ) ) | 3:11-cv-0436-LRH-VPC |
| v. | ) ) ) | ORDER |
| CEO, SUCCESSOR FOR DEUTSCHE NATIONAL TRUST COMPANY; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is defendants Jocelyn Corbett, Esq. ("Corbett") and the law firm of DaPeer, Rosenblit, Litvak, LLP's ("DPR") motion for attorney's fees. Doc. #121.[1]

## I.  Facts and Background

At its core, this is a wrongful foreclosure and wrongful taxation action. Plaintiff William Gerald Fillion ("Fillion") owned real property in California which was subject to state, county, and city tax assessments. The tax assessments went unpaid and eventually the property was foreclosed upon.

On June 21, 2011, plaintiffs filed a civil rights complaint against several defendants for violation of their First and Fourth Amendment rights as well as state law claims for attorney misconduct and professional negligence against defendants Corbett and DPR. *See* Doc. #1. In response to plaintiffs' complaint, moving defendants filed a motion to dismiss (Doc. #8) which was

---

[1] Refers to the court's docket number.

granted by the court (Doc. #102). Thereafter, moving defendants filed the present motion for attorney's fees. Doc. #121.[2]

## II. Discussion

Federal courts apply state law with regard to the allowance or disallowance of attorney fees related to state law claims. *Mendoza v. Met Life Auto & Home Ins. Agency, Inc.*, Case No. 2:09-CV-01872-RCJ-(RJJ), 2011 WL 6113009 at *1 (D. Nev. Dec. 7, 2011); *see also Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975); *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975). Because this action was filed in Nevada, Nevada law applies with regard to allowance of attorney's fees. In Nevada, attorney's fees are recoverable if permitted by statute, rule, or contractual provision. *Horgan v. Felton*, 170 P.3d 982, 986 (Nev. 2007) (citing *Rowland v. Lepire*, 662 P.2d 1332, 1336 (Nev. 1983)); *see also Semenza v. Caughlin Crafted Homes*, 901 P.2d 684 (Nev. 1995) (holding that a homeowner was entitled to attorney's fees where purchase agreement stated the prevailing party could recover attorney fees in any action related to the property).

Here, moving defendants move for an award of fees and costs pursuant to NRS 18.010(2) because plaintiffs maintained this action against them in bad faith. NRS § 18.010(2)(b) allows for the court to make an award of attorney's fees to the prevailing party when "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." The court must construe the provisions of this statute liberally. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that plaintiffs did not have reasonable grounds to maintain this action against moving defendants. Moving defendants are a law firm and its employee that were employed counsel carrying out a legal

---

[2] In support of their motion, defendants have complied with the applicable provisions of Local Rule 54-16 by providing an itemization and description of the work performed as well as a summary of the fees charged and the time and labor required.

2

non-judicial foreclosure proceeding in California. Defendants were ultimately dismissed for lack of personal jurisdiction because all of the alleged activities took place in California. Thus, the court found that Tracy had no legitimate grounds to bring the present action against moving defendants in Nevada. As such, the court finds that moving defendants are entitled to an award of attorney's fees for defending this action pursuant to NRS 18.010(2).

The court finds that an award of attorney's fees in the amount of $6,212.50 and costs in the amount of $146.35 are reasonable. Defendants' counsel spent roughly 18 hours of work on this matter and the motion to dismiss which was ultimately granted by the court. The court finds that eighteen hours is a reasonable amount of time based on the questions presented, the number of plaintiffs' filings, and the length of the motions filed by defendants.

IT IS THEREFORE ORDERED that defendants' motion for attorney's fees (Doc. #121) is GRANTED. The clerk of court shall enter an award of attorney's fees in favor of defendants Jocelyn Corbett, Esq. and the law firm of DaPeer, Rosenblit, Litvak, LLP and against plaintiffs in the amount of $6,212.50.

IT IS FURTHER ORDERED that the clerk of court shall enter an award of costs in favor of defendants Jocelyn Corbett, Esq. and the law firm of DaPeer, Rosenblit, Litvak, LLP and against plaintiffs in the amount of $146.35.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE